United States District Court
for the
Southern District of Florida

| | |
|---|---|
| National Trust Insurance Company, Plaintiff, <br><br> v. <br><br> Savoy Hotel Partners, LLC, Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 23-20860-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

### Order Requiring Amended Citizenship Allegations

This matter is before the Court on an independent review of the record. Previously, the Court entered an order requiring the parties to file a joint submission clarifying the citizenship of the Defendant Savoy Hotel Partners, LLC ("Savoy"). The Court explained that the parties had failed to adequately identify the citizenship of Savoy's individual members. (*See* ECF No. 52.)

In response, the parties filed a joint submission clarifying citizenship, which explains as follows:
- The members of Savoy Hotel Partners, LLC are The Eric D. Hadar Family Trust, The Anna J Hadar 2003 Trust, and The Ivan S Hadar 2003 Trust.
- The trustees of The Eric D. Hadar Family Trust are Eric Hadar, a resident and citizen of New York, and Steve Simkin, a resident and citizen of New York.
- The trustee of The Anna J Hadar 2003 Trust and The Ivan S Hadar 2003 Trust is Steve Simkin, a resident and citizen of New York.

(*See* ECF No. 54.) Although this submission now identifies Savoy's members, all trusts, it once again fails to adequately allege their citizenship.

To properly plead the citizenship of a trust, the parties must allege who the real party to the action is—the trustee or the beneficiaries of the trust. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980). "[A] trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Id.* In other words, it is only if the members of Savoy are "traditional trusts" that they hold the citizenship of their trustees. *See Alliant Tax Credit 31 v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019) ("A 'traditional trust' holds the citizenship of its *trustee*, not of its beneficiaries."). On the other hand, if the members of Savoy are more akin to unincorporated business entities, it is the citizenship of their members that counts for purposes of

diversity jurisdiction. *See Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381–82, 136 S. Ct. 1012, 1016 (2016) (concluding that citizenship of Maryland real estate investment trust determined by citizenship of its shareholders); *Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181-82 (11th Cir. 1987) (finding entities describing themselves as trust funds and seeking to predicate diversity jurisdiction on the citizenship of the putative trustee failed to allege facts negating their existence as voluntary unincorporated associations). To determine the real nature of the trust at issue, the Court looks to the "law of the state where the trust is formed." *See Alliant Tax Credit 31*, 924 F.3d at 1143 (quoting *Wang ex rel. Wong v. New Mighty U.S. Tr.*, 843 F.3d 487, 495, 427 U.S. App. D.C. 1 (D.C. Cir. 2016)).

      Here, the parties' allegations leave the Court unable to definitively determine whether the members of Savoy are traditional trusts, who hold the citizenships of their respective trustees, or whether they take the form of some unincorporated entities. Moreover, the Court's concerns are aggravated by the fact that the Plaintiff's complaint initially identified the members of Savoy as "Allied Partners Management, LLC, Allied Savoy, LLC"—*i.e.*, as unincorporated entities—which suggest that there may be some confusion among the parties as to the real nature of Savoy's members. (*See* Compl. ¶ 6, ECF No. 1.)

      Accordingly, because, based on the allegations in the complaint, the amended counterclaim, and the parties' joint submission, the Court is still unable to confidently ascertain whether complete diversity exists in this case, the parties must file amended citizenship allegations by **November 6, 2023**. If the parties once again fail to provide the facts necessary to establish diversity jurisdiction, the Court may dismiss this action, without prejudice, for lack of subject matter jurisdiction.

      **Done and ordered** in Miami, Florida, on October 31, 2023.

                                                                    Robert N. Scola, Jr.
                                                                    United States District Judge