United States District Court
for the
Southern District of Florida

| | |
|---|---|
| National Trust Insurance Company, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>Savoy Hotel Partners, LLC, )<br>Defendant. ) | Civil Action No. 23-20860-Civ-Scola |

### Order On Defendant's Motion For Reconsideration

The Defendant Savoy Hotel Partners, LLC ("Savoy") has asked the Court to amend or alter its previous order (ECF No. 64) granting the Plaintiff National Trust Insurance Company's ("National Trust") motion to dismiss Savoy's amended counterclaim. (ECF No. 70.) The Court dismissed Savoy's amended counterclaim for failure to plead the *Coblentz* agreement executed by Savoy and third-party Jorda Enterprises, Inc. ("Jorda") was reasonable and entered into in good faith. (ECF No. 64.) Now, Savoy asks the Court for leave to file a second amended counterclaim, or alternatively to reverse the Court's prior order of dismissal. (ECF No. 70.) The Court assumes the parties' familiarity with the factual and procedural background of this case.

1. **Savoy has not demonstrated good cause to support an untimely amendment.**

As both parties acknowledge, when a party seeks leave to amend after the deadline to do so has passed, the movant must do more than argue leave is due under Rule 15(a). The movant must first show "good cause" under Rule 16(b) to obtain the right to amend. *See Sosa v. Air Print Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The standard set forth in Rule 16(b) "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *See Sosa*, 133 F.3d at 1418. Thus, "diligence is the key to satisfying the good cause requirement." *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) (Ungaro, J.). Only if "good cause" for an untimely amendment is shown under Rule 16(b), does Rule 15(a)'s instruction, that leave should be freely given when justice so requires, come into play. *See* Fed. R. Civ. P. 15(a)(2). While the standard under Rule 15(a) is lenient, "a motion to amend may be denied on numerous grounds such as

undue delay, undue prejudice to the [opposing party], and futility of the amendment." *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations omitted).

Even if Savoy was able to satisfy the Rule 15(a) standard, the Court finds its showing of diligence lacking. The Court's scheduling order set the deadline to amend the pleadings as June 20, 2023. (ECF No. 12.) Savoy, however, did not move for leave to amend the amended counterclaim until December 13, 2023, almost six months after the deadline passed. (ECF No. 70.) Although Savoy summarily points to evidence it obtained in October—specifically testimony from Jorda's counsel—it fails to explain why such evidence was not available before the expiration of the deadline.

Savoy also argues it was not aware of its pleading deficiencies until after the deadline to amend had passed. However, had Savoy sought to amend its pleadings when first put on notice of the deficiencies—when National Trust filed its motion to dismiss the amended counterclaim on July 7, 2023—the Court would be more inclined to conclude that Savoy had been diligent. Instead, Savoy admits that because it believed its pleadings sufficient, it awaited the Court's ruling on the motion to dismiss. (*See* ECF No. 70.) However, the Eleventh Circuit has rejected "the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend." *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018); *see also Douglas v. Cruise Yacht Op Co.*, No. 21-CV-23980, 2022 WL 2753101, at *2 (S.D. Fla. July 14, 2022) (Bloom, J.) ("[T]he standard is not met simply because they were awaiting the Court's ruling on the motions to dismiss."). Savoy made the decision to stand on its pleadings instead of diligently seeking leave to amend when it first learned of its pleading deficiencies.

The Court is not persuaded by the district-court decisions Savoy relies on for the proposition that good cause under Rule 16 can be shown by an order of dismissal that is entered after the expiration of the deadline to amend. For example, in *Emess Capital, LLC v. Rothstein*, the Court found good cause, in part, where a magistrate judge had advised the plaintiff, in a report and recommendation, recommending dismissal, that the plaintiff "should be permitted to file an amended complaint if … it can cure the pleading deficiencies identified in the foregoing analysis." *Emess Capital, LLC v. Rothstein*, No. 10-60882, 2012 WL 13001838, at *2 (S.D. Fla. May 2, 2012) (Lenard, J.). Savoy was given no similar leeway or signal here that it could await a ruling on the motion to dismiss before moving to amend. Based on the foregoing, the Court does not conclude that Savoy has been diligent. Thus, the Court does not find good cause to excuse Savoy's failure to meet the deadline to amend, and it need not address whether amendment is otherwise proper.

Accordingly, the Court **denies** Savoy's request for leave to file an untimely second amended counterclaim. (**ECF No. 70.**)

### 2. The Court finds no basis to grant Savoy's request to amend or alter the Court's prior order.

Alternatively, Savoy asks the Court to reconsider its order dismissing the amended counterclaim. Federal Rule of Civil Procedure 59(e) permits a motion to alter or amend a judgment. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly. The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). Savoy argues three bases for reconsideration, alleging: (1) the Court made a decision outside of the issues, (2) the Court erred by requiring Savoy to prove its case and failing to construe the allegations in Savoy's favor, and (3) new evidence supports reconsideration.

The Court did not render a decision outside the issues. National Trust moved to dismiss Savoy's amended counterclaim for failure to plead the *Coblentz* agreement was reasonable and negotiated in good faith. (ECF No. 26) ("In this case, Savoy has failed to adequately plead the third element necessary to recover under the *Coblentz* agreement – that the agreement was both reasonable in amount and negotiated in good faith… Savoy's pleading defect is fatal to its claim for recovery.") The Court dismissed Savoy's amended counterclaim on that basis. (ECF No. 64) ("National Trust argues that Savoy's amended counterclaim fails to state a cause of action because it fails to adequately plead that the agreement at issue here was either reasonable in amount or negotiated in good faith. The Court agrees."). Savoy claims National Trust's argument centered on a subparagraph removed from the counterclaim when amended. (ECF No. 70.) However, the crux of National Trust's argument

was Savoy's failure to meet its pleading burden under the element of reasonableness and good faith. (ECF No. 26.) The Court rendered its decision on that issue. (ECF No. 64.)

Next, Savoy argues for reconsideration on the basis that the Court erred in requiring Savoy to prove its case in its pleading and by failing to construe the allegations in Savoy's favor. Much of Savoy's argument is a veiled attempt to relitigate the issue decided by the order granting the motion to dismiss: whether or not Savoy met its pleading obligations. Nevertheless, contrary to Savoy's assertions, the Court utilized the correct standard. To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.*

Relating to reasonableness and good faith, the Court did not require Savoy to prove its case in its pleading. In fact, the Court acknowledged that Savoy need not produce evidence supporting reasonableness and good faith; however, Savoy did bear the burden "of articulating 'enough facts to' suggest 'that [it] is plausible,' rather than merely possible, that the agreement here was both reasonable and entered into in good faith." (ECF No. 64) (citing *Twombly*, 550 U.S. at 570). By merely alleging "blanket assertions that the settlement was reasonable and made in good faith, without supplying any factual support", Savoy failed to meet its burden. (*Id.*)

Savoy also argues that the Court failed to construe allegations and inferences in its favor. As a threshold matter, conclusory allegations are "not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. Savoy points to a number of provisions in the Settlement Agreement, arguing "the only reasonable inference to be drawn is that Savoy suffered a $15 million loss of income due to the inability to operate its Miami Beach hotel, restaurant, and commercial kitchen from 2018 through 2021." (ECF No. 70 at 16-17.) First, the Court already considered such provisions in granting the motion to dismiss, and Savoy is seeking impermissibly to relitigate this issue. (*See* ECF No. 64.) Moreover, that is far from the only reasonable inference to be drawn. As the Court noted in its order, the loss amount was provided "without any information as to how that fifteen million dollar loss of use figure was produced." (*Id.* at 5.) Without *any* support for that figure, the Court cannot

take the logical leap to assume that figure reasonably reflects the losses suffered by Savoy. As the Court's order pointed out, "the amended counterclaim is devoid of any factual allegations from which the Court can infer that the settlement agreement was the result of a serious, arms-length transaction between Jorda and Savoy." (*Id.* at 6.) Thus, the Court does not find clear error to amend or alter its order granting the motion to dismiss.

Finally, Savoy argues that newly discovered evidence warrants reconsideration. As the Court previously indicated, Savoy has failed to explain why the new evidence was previously unavailable. Accordingly, the testimony of Jorda's counsel cannot provide a valid basis for reconsideration. *See Williams v. Polk Cnty. Bd. of Cnty. Commissioners*, No. 23-10206, 2024 WL 835242, at *4 (11th Cir. Feb. 28, 2024) (denying reconsideration when evidence was obtained post-judgment, but the plaintiff failed to show that he could not have received the new evidence earlier "had he exercised due diligence."). Accordingly, the Court **denies** Savoy's motion to amend or alter the Court's order granting National Trust's motion to dismiss the amended counterclaim. (**ECF No. 70.**)

**Done and ordered**, in Miami, Florida, on April 30, 2024.

_____
Robert N. Scola, Jr.
United States District Judge